UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHERYL RUMINER                                                                                    PLAINTIFF

v.                                       CASE NO. 4:04-CV-1162 GTE

METROPOLITAN LIFE INSURANCE COMPANY                                      DEFENDANT

ORDER

Presently before the Court are Plaintiff's Motion to Reopen, Plaintiff's Motion to Substitute Party and Motion for Revival of Action, and Plaintiff's Motion for Relief Revival of Action and to Substitute Gerry Ruminer.

On October 7, 2004, Plaintiff filed her Complaint in this action under the Employment Retirement Income Security Act of 1974 (ERISA) and the Arkansas Civil Rights Act of 1993 (ACRA) against Defendant Metropolitan Life Insurance Company ("MetLife").  On February 21, 2006, Plaintiff dismissed her claims under the ACRA.  On March 30, 2006, the Court denied Defendant's Partial Motion for Summary Judgment.  The Court concluded that remand was proper for two reasons.  First, MetLife relied upon the reports of its consultants and questioned the basis of the conclusions of Plaintiff's physicians, but did not grant Plaintiff an opportunity to review those reports and respond to the highlighted deficiencies in the record.  Second, MetLife gave no consideration to the documented presence of trigger points and whether these trigger points substantiate the fibromyalgia diagnosis and indicate a potentially disabling condition. Therefore, the Court concluded that the Plaintiff was not afforded a "full and fair review" as defined by the Eighth Circuit, and remanded the matter to MetLife for further review.

On January 9, 2007, Plaintiff filed her Motion to Reopen Case asserting that no timely decision has been made on her claim, and therefore, the matter should be reopened.  Defendant replied that "Met Life's review of Plaintiff's claim is underway" and that Plaintiff cited no authority for her assertion that the time constraints within the Department of Labor's regulations apply upon remand from a court.  Plaintiff responds that she has been unable to find any authority that allows a claims administrator unlimited time to make a decision.  Plaintiff asserts that by its order remanding the matter, this Court found a violation of ERISA, and a claims administrator should be held to at least the same standard in a claim where ERISA was violated.

On March 23, 2007, Plaintiff filed her Motion to Substitute Party and Motion for Revival of Action, stating that Plaintiff died on February 20, 2007, and Gerry Ruminer has been appointed Administrator of the Estate.  On March 30, 2007, Plaintiff filed her Motion for Revival of Action and to Substitute Gerry Ruminer.  Defendant has not responded to the last two motions.

On April 11, 2007, before the Court had the opportunity to rule on the foregoing motions, Gerry Ruminer, duly acting and appointed Administrator of the Estate of Cheryl Ruminer, deceased, filed his Complaint in Case No. 4:07-cv-395.  Mr. Ruminer also filed a Notice of Related Case.  Plaintiff requests that these cases be consolidated.  Mr. Ruminer states that he re-filed the action against MetLife in order to avoid any limitations issues, but that he intends to appeal the remand order once the order of remand becomes final if the Court does not award him complete relief.

The Court remanded this matter to MetLife on March 30, 2006. As of January 22, 2007, MetLife admits that it had not made its final decision on Plaintiff's claim. The Court grants Plaintiff's motions and consolidates the two cases.

Accordingly,

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Reopen (Doc. # 65) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Substitute Party and Motion for Revival of Action (Doc. # 67) be, and it is hereby, GRANTED. Gerry Ruminer, duly acting and appointed Administrator of the Estate of Cheryl Ruminer, deceased, is hereby substituted as Plaintiff for Cheryl Ruminer.

IT IS FURTHER ORDERED that Plaintiff's Motion for Revival of Action and to Substitute Party (Doc. # 69) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that the cases of *Ruminer v. Metropolitan Life Insurance Company*, 4:04-cv-1162, and *Ruminer v. Metropolitan Life Insurance Company*, 4:07-cv-395, be, and they are hereby, consolidated. All further pleadings shall be filed in *Ruminer v. Metropolitan Life Insurance Company*, 4:04-cv-1162.

Dated this 2nd day of May, 2007.

/s/Garnett Thomas Eisele_____

UNITED STATES DISTRICT JUDGE